```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
        3:17-cv-724-GCM
```

| | |
|---|---|
| BERISFORD FEARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **ORDER** |
| | ) |
| GALLAGHER BASSETT, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on the Court's initial review of Plaintiff's Complaint, (Doc. No. 1). Pro se Plaintiff Berisford Fearon filed this pro se action on December 18, 2017, in which he alleges that the sole Defendant, Gallagher Bassett, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Doc. No. 1 at 3).

The Court first considers Plaintiff's in forma pauperis motion. See (Doc. No. 2). The Court has considered Plaintiff's affidavit, in which he attests that he received no monthly income during the past twelve months, and he expects to receive no income next month. (Id. at 2). Plaintiff reports monthly expenses totaling $200. (Id. at 5). Plaintiff alleges that he has no cash and no funds in a checking account. (Id. at 2). The Court finds that Plaintiff does not have sufficient funds to pay the filing fee. Therefore, the Court will grant the motion to proceed in forma pauperis.

**I.    BACKGROUND**

In this action filed on a form used for Title VII employment discrimination claims,

1

Plaintiff has named an individual, Gallagher Bassett, as the sole Defendant. Plaintiff does not allege or name any employer entity in the Complaint. Plaintiff alleges that he has been subject to the following discriminatory acts by Defendant: "failure to employ me," "failure to promote me," "termination of my employment," "demotion," "denied equal pay work," and "general harassment." (Doc. No. 1 at 3). Plaintiff further alleges he was discriminated against based on her race, color, religion, and age.[1] (Id.). The only supporting facts Plaintiff asserts against Defendant are that "he did nothing to help me." (Id. at 4). As for his injuries, Plaintiff alleges that he "was put out in the street because of his actions." (Id.). He also states that he seeks "1.2 million because my paper work said surgery." (Id. at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court finds that this action will be dismissed without prejudice on initial review. Plaintiff has named as the sole Defendant Gallagher Bassett, but there is no individual liability in actions brought under Title VII.[2] Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th

---

[1] As to Plaintiff's purported claim of age discrimination, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq., rather than under Title VII, applies.
[2] To the extent that Plaintiff also purports to bring a claim under the ADEA, there is also no individual liability under that statute. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-

2

Cir. 1998) (noting that individual employees, including supervisors, cannot be held liable for Title VII claims). The Court further notes that, in their current form, Plaintiff's allegations of discrimination are simply too vague to state a cognizable claim for relief. Finally, by Plaintiff's own allegations, she already has a pending discrimination action against Defendant, filed on August 22, 2016, in Mecklenburg County, North Carolina. (Id. at 5). This action will therefore be dismissed without prejudice on initial review.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.
2. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.
3. The Clerk is directed to terminate this action.

Signed: December 20, 2017

Graham C. Mullen
United States District Judge

---

11 (4th Cir. 1994).